UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TAMARA SPAUGY,

    Plaintiff,

-v-

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, et al.,

    Defendants.

Case No. C-3-07-045

Judge Thomas M. Rose

_____

**ENTRY AND ORDER OVERRULING PRUDENTIAL'S MOTION TO DISMISS (Doc. #6)**
_____

    This matter arises from the death of James Spaugy. Plaintiff Tamara Spaugy ("Spaugy") is the Administratix of the Estate of James Spaugy.

    Spaugy's Complaint was originally brought in the Common Pleas Court of Shelby County, Ohio. It was subsequently removed to this Court by Defendant The Prudential Insurance Company of America ("Prudential"). The basis given by Prudential for removing Spaugy's Complaint to this Court is that Spaugy's First Claim for Relief was made under the Employee Retirement Income Security Act ("ERISA") and this Court, therefore, has federal question jurisdiction.

    Spaugy brings two claims for relief in her Complaint. The first is against Prudential and alleges that "Defendant The Prudential Insurance Company of America has denied the claim in violation of Ohio law… ." (Compl. ¶ 5.) The claim is for accidental death benefits pursuant to a group life insurance policy issued by Prudential on the life of decedent James Spaugy. Spaugy specifically alleges that "[d]espite Plaintiff's making proper application under the terms of said

accidental and death policy, Defendant The Prudential Insurance Company of America has wrongfully denied payment to the Estate of James Spaugy under the facts and circumstances that led to James Spaugy's death." (Compl. ¶ 4.)

Spaugy's second claim for relief is a personal injury claim against Defendants John Does 1 through 10 and Jane Does 1 through 10. There is no indication in the docket that John Does 1 through 10 and Jane Does 1 through 10 have been identified.

Now before the Court is Prudential's Motion To Dismiss Spaugy's First Claim for Relief brought pursuant to Fed. R. Civ. P. 12(b)(6). Even though Prudential removed Spaugy's complaint because it is an ERISA claim, Prudential now argues that Spaugy's claim is not an ERISA claim but sounds in a state law action and must, therefore, be dismissed because it is preempted by ERISA.

The time has run and Spaugy has not responded to Prudential's Motion To Dismiss. Prudential's Motion To Dismiss is, therefore, ripe for decision. The standard of review for motions to dismiss will first be set forth followed by an analysis of Prudential's Motion.

## STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993)(citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987)).  Put another way, "the purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case."  5B Charles Alan Wright and Arthur R.

Miller, *Federal Practice and Procedure* § 1356 (3d ed. 2004).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) is a stringent one. "[A] complaint should not be dismissed for failure to state a claim on which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Ins. Co. v. California,* 509 U.S. 764, 811 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In addition, for purposes of the motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes,* 416 U.S. 232 (1974).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Columbia Natural Resources, Inc. v. Tatum*, 58 F. 3d 1101 (6th Cir. 1995), *cert. denied*, 516 U.S. 1158 (1996).  However, the Court "need not accept as true legal conclusions or unwarranted factual inferences*."* *Morgan v. Church's Fried Chicken,* 829 F. 2d 10, 12 (6th Cir. 1987).  Put another way, bare assertions of legal conclusions are not sufficient.  *Lillard v. Shelby County Bd. of Educ.*, 76 F. 3d 716, 726 (6th Cir. 1996).  It is only well-pleaded facts which are construed liberally in favor of the party opposing the motion to dismiss.  *Id.*; see also Wright & Miller, *supra*, §1357. The analysis now turns to Prudential's Motion To Dismiss.

**MOTION TO DISMISS**

Prudential argues that Spaugy's First Claim for Relief should be dismissed because the alleged state law claim relates to an employee welfare benefit plan and is, therefore, preempted by ERISA. Spaugy, according to Prudential, appears to either allege a breach of contract claim or

a wrongful death claim in her First Claim for Relief.

The Court agrees with Prudential's initial argument, the one made when this matter was removed to this Court. Spaugy has stated an ERISA claim. An ERISA claim is a claim for recovery of benefits provided by an ERISA plan. *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275-76 (6th Cir. 1991) (holding that a breach of contract claim for benefits payable under an ERISA plan is preempted by ERISA), *cert. dismissed*, 505 U.S. 1233 (1992).

Spaugy's First Claim for Relief is a claim for the proceeds of a group life insurance policy issued pursuant to an employee welfare benefit plan sponsored and maintained by Lear Corporation and underwritten by Prudential. As Prudential has argued, "[t]here can be no doubt that Plaintiff's claim against Prudential relates to an employee welfare benefit plan that is governed by ERISA."

To survive a motion to dismiss, Spaugy's complaint must contain either direct or inferential allegations respecting the elements to sustain a recovery under *some* viable legal theory. In this case, as agreed by Prudential, Spaugy's claim arguably sets forth allegations to recover under the legal theory established by ERISA. Therefore, Prudential's Motion To Dismiss is OVERRULED. Spaugy's First Claim for Relief is not dismissed, and it will be adjudicated as an ERISA claim.

Prudential also seeks an award of its reasonable attorneys fees and costs. This request is, at best, disingenuous. In view of the fact that Prudential removed this claim because it was an ERISA claim and then sought to dismiss is because it was not an ERISA claim, Prudential's request for attorneys fees and costs is also OVERRULED.

**DONE** and **ORDERED** in Dayton, Ohio, this Seventeenth day of May, 2007.

                                                    **s/Thomas M. Rose**

                                                    _____
                                                        THOMAS M. ROSE
                                            UNITED STATED DISTRICT JUDGE

Copies furnished to:

Counsel of Record